**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-22-01275-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| David Pepin, | |
| Defendant. | |

Pending before the Court is Plaintiffs' *ex parte* application for an order authorizing alternative service of process ("the Application"). (Doc. 11.) For the following reasons, the Application is granted.

## BACKGROUND

On July 29, 2022, Plaintiffs filed the complaint against Defendant David Pepin, alleging copyright infringement. (Doc. 1.) Specifically, the complaint alleges that Plaintiff Fornix Holdings LLC ("Fornix") is the registered copyright owner of myriad audiovisual works of adult video content which it licenses exclusively to Plaintiff CP Productions, Inc. ("CP Productions") for publication on its membership-based adult website. (*Id.* ¶¶ 2-4.) Pepin allegedly accessed 11 of Fornix's copyrighted movies through his membership to CP Productions' website, copied them, and publicly distributed them via several file-sharing websites. (*Id.* ¶ 5.)

On September 19, 2022, Plaintiffs filed the Application. (Doc. 11.) Attached is a declaration in which Plaintiff's counsel, David D. Lin, avers that two addresses in Canada

were located via "both public and paid background searches" on Pepin, but the first, "which appears to be an office," has rejected mail sent through FedEx and seems to be a place where "Pepin no longer works," and the second is the address of a person named David Pepin who claims not to be the same person as the David Pepin named in this lawsuit. (Doc. 11-2 ¶¶ 6-7, 11, 17-21.) Thus, Plaintiffs and their counsel "have been unable to determine an exact location within Canada where Defendant resides." (*Id.* ¶ 23.) They do, however, possess an email address where email correspondence has been successfully delivered. (*Id.* ¶¶ 5, 10, 15.) Thus, Plaintiffs seek a court order permitting service via email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

## DISCUSSION

I.  Legal Standard

Federal Rule of Civil Procedure 4(f) provides that service on an individual in a foreign country may be accomplished:

> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > **(C)** unless prohibited by the foreign country's law, by:
> >
> > > **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

"As obvious from its plain language, service under Rule 4(f)(3) must be (1)

directed by the court; and (2) not prohibited by international agreement." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "No other limitations are evident from the text." *Id.* "In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* Rule 4(f) does not "create a hierarchy of preferred methods of service of process"; rather, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.* at 1014-15. As such, a plaintiff need not "attempt[] permissible means of service of process before petitioning the court" for leave to serve by alternative means. *Id.* at 1016. Instead, a plaintiff must demonstrate only "that the facts and circumstances of the present case necessitate[] the district court's intervention," in which case the district court can "properly exercise[] its discretionary powers to craft alternate means of service"—so long as the alternative means "comport with constitutional notions of due process" and are not prohibited by international agreement. *Id.*

II.     Analysis

Intervention is warranted in light of the facts and circumstances of this case. Plaintiffs have attempted to discover Pepin's whereabouts and their attempts have been unsuccessful.

Furthermore, serving Pepin via email would "comport with constitutional notions of due process." *Id.* "To meet this requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotation marks omitted). In *Rio*, where the defendant had no easily ascertainable physical address and email was its primary method of communication, the Ninth Circuit concluded "not only that service of process by email was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]." *Id.* at 1017. The same is true under the

facts of this case.[1]

The one remaining issue is whether service by email is "not prohibited by international agreement." *Id.* at 1014; Fed. R. Civ. P. 4(f)(3). In *Rio*, no international agreement was at issue. The Ninth Circuit noted that "[a] federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)," but because the defendant was in Costa Rica, which was "not a signatory," the Hague Service Convention did "not apply" in that case. 284 F.3d at 1015 n.4.

"The Hague Service Convention is a multilateral treaty . . . intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Article 1 of the Convention specifies that it applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," but it does not apply "where the address of the person to be served with the document is not known." Art. 1.

Pepin's address is unknown, and therefore the Hague Service Convention does not apply and *Rio* controls. *Cf. Media Trademark & Licensing Ltd. v. COINGEEKLTD.COM*, 2021 WL 2895289 (D. Ariz. 2021) (distinguishing *Rio* in a case where the defendant's address appeared to be known).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Application (Doc. 11) is **granted**.

…

…

---

[1] *Rio* was decided in 2002, at a time when email had been gaining widespread popularity for only a few years and was "untrodden ground," and the Ninth Circuit thus left it "to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." 284 F.3d at 1017-18. Technical advances over the past two decades have rendered these limitations all but obsolete, and the Court is satisfied that the benefits of email service in this case would far outweigh any conceivable technological limitations.

**IT IS FURTHER ORDERED** that Plaintiffs may serve Pepin via the functioning email address referenced in their Application.

Dated this 20th day of September, 2022.

Dominic W. Lanza
United States District Judge

- 5 -